RICHARD BERESFORD v. JOHN McCUNE.

The purchaser of a horse warranted to be sound and safe, upon a breach of the warranty, need not rescind the contract by re-delivering the horse, and sue for the amount paid, but may retain the horse and sue for damages, in which case the rule of damages will be the difference between the actual value of the horse at the time of sale and what he would have been worth "if he had been sound and safe according to the warranty."

Reserved from Special Term.

This is an action for breach of a warranty in the sale of a horse. The facts found by the judge at Special Term, and which accompany the certificate of reservation, are as follows:

"*First.* That on the 2d March, 1869, the defendant sold and delivered to the plaintiff, at his stable in Cincinnati, a horse for $400, and warranted him to be sound and safe property.

"*Second.* That in about a week after said sale and delivery said horse became lame, whereupon the plaintiff tendered him back to said Davis & Smith, at their stable, the defendant being absent from the city; and afterward, about the 29th March, 1869, the plaintiff tendered the said horse to the defendant and requested him to return the price paid for him, but the defendant refused to receive him or pay back the purchase money, whereupon the plaintiff brought this action.

"*Third.* That the said horse was not sound at the time of the said sale and delivery.

"*Fourth.* That after said tender the plaintiff retained, and at the time of the trial had said horse, and has, from the time of the sale and delivery to him, kept and used said horse, as he had occasion, for the purpose for which he purchased him, except at intervals when the horse has been unfit for use by reason of lameness.

"And the court not being fully advised whether, upon

the facts found as aforesaid, the plaintiff is entitled to re-
cover the price paid for said horse, or what, if any, dam-
ages he is entitled to, reserved said question for the decision
of the General Term.

"And the defendant files his motion for a new trial, which
motion, it is ordered, be continued for hearing until after
the decision of the General Term aforesaid."

The petition states the sale with warranty of soundness,
by the defendant to the plaintiff, March 2, 1869, for $400,
which plaintiff paid for the horse. It alleges that the
horse was unsound and useless to plaintiff, and has caused
the plaintiff $50 loss in keeping him, and claims to have
sustained damages to the amount of $400, and asks judg-
ment for that sum, all of which the defendant denies in
his answer.

*L. D. Champlin*, for plaintiff.

*E. A. Ferguson*, for defendant.

TAFT, J. It is claimed by the defendant that there can
be no recovery, because the plaintiff has not delivered back
the horse to the defendant.

If the plaintiff sought to recover the price paid for the
horse upon the rescission of the contract, he would have
first to give up the horse. But this petition does not
allege a rescission of the contract, but only that the horse
was unsound and that he claims $400 damages. It is not
necessary to tender back the horse, or to rescind the con-
tract in order to recover damages for breach of the con-
tract of sale and warranty. The recovery, however, in
the case as presented in the petition, does not depend
upon the price of the animal, but upon the actual damage.
This may be as much as the value of the horse. The
horse may be valueless. But the plaintiff is not obliged to
give him up. He may keep him and recover his actual
damage. That is the privilege of any purchaser of war-
ranted property. If, however, he would make the price

of the property his rule of recovery, he should rescind and redeliver the property purchased.    In the present case, there is not a finding of facts upon which a judgment can be rendered; because the actual damage sustained by the plaintiff is not ascertained.

The case will have to be remanded, with instructions to ascertain the actual damages sustained by the plaintiff and to enter judgment therefor.

The question will be, how much less the horse was worth at the time of the sale than he would have been if sound, according to the contract.